■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. IVANA I. WILLIAMS, Admitted on March 2, 1992, at a Term of the Appellate Division, First Department. [728 NYS2d 370] —Respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [*See* 257 AD2d 127.]

(July 12, 2001)

■ ALBERT RIZCALLAH, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents, and DELTA AIR LINES, INC., Appellant. [727 NYS2d 310] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered November 5, 1999, which granted the petition, annulled respondents' determination, dated March 4, 1999, which dismissed petitioner's discrimination complaint, and remanded the matter to respondent Division for a hearing pursuant to Executive Law § 297 (4) (a), unanimously affirmed, without costs.

Despite the factual differences, we affirm essentially for the reasons stated in *Sauer v New York State Div. of Human Rights* (285 AD2d 372 [decided herewith]), namely that Delta's unsigned and unsworn "position statement" was inadequate to rebut petitioner's evidence, which, taken as a whole, was sufficient to warrant a hearing pursuant to Executive Law § 297 (4) (a). Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Friedman, JJ.